Filed 5/26/16  Stafford v. Mains & Clark CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| LOUISE STAFFORD,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>MAINS & CLARK et al.,<br><br>    Defendants and Respondents. | B263490<br><br>(Los Angeles County<br>Super. Ct. No. BC502809) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Michael L. Stern, Judge.  Affirmed.

Law Offices of Edi M. O. Faal and Edi M.O. Faal for Plaintiff and Appellant.

Klinedinst, Heather L. Rosing, Gregor A. Hensrude and Kyle T. Overs for Defendants and Respondents Mains & Clark and David M. Mains.

Yee & Belilove, Steven R. Yee, Steve R. Belilove and Rosely George for Defendants and Respondents The Trial Law Offices of Bradley I. Kramer and Bradley Kramer.

Manning & Kass, Ellrod, Ramirez, Trester, Rinat B. Klier Erlich and Candace E. Kallberg for Defendants and Respondents Frazee Law Group and Roseann Frazee.

\* \* \* \* \* \*

In this case involving alleged legal malpractice, the trial court granted summary judgment in favor of three defendant attorneys. The court found no evidence the attorneys caused Louise Stafford to lose her underlying litigation. Causation is a required element of a legal malpractice claim. (*Osornio v. Weingarten* (2004) 124 Cal.App.4th 304, 319.)

On appeal, appellant Stafford argues that the trial court should have granted her request for an additional continuance of the hearing on summary judgment. We conclude that the trial court did not err in denying her requested additional continuance because Stafford failed to show that such continuance would have assisted her in obtaining facts essential to her opposition. Further, we find no evidence raising a triable issue of material fact supporting the inference that Stafford's attorneys in the underlying litigation caused her to lose the underlying litigation. We affirm the judgment.

## FACTS AND PROCEDURE

This is a legal malpractice case against Stafford's three prior attorneys—David Mains, Roseann Frazee, Bradley Kramer—and their law firms. The three attorneys represented Stafford in underlying litigation concerning an automobile collision. Mains represented Stafford first, but withdrew prior to trial because of difficulties in the attorney-client relationship. On November 3, 2011, Frazee became Stafford's attorney. Kramer assisted Frazee with the underlying trial, which started November 5, 2012.

### 1. *Current Lawsuit*

Stafford filed her complaint in the current litigation March 12, 2013. Her theory of legal malpractice was that her attorneys in the underlying litigation should have presented evidence that the automobile collision *exacerbated* her degenerative disc condition. According to her, they breached the standard of care by instead advancing the theory that the vehicle collision *caused* her degenerative disc condition.

In the operative pleading, Stafford alleged that Attorney Mains failed to investigate damages. Stafford alleged that because of Attorney Frazee's negligence she was unable to prove causation or damages at trial. According to Stafford, both Attorneys Frazee and Kramer failed to present evidence of causation during the underlying trial.

2

## 2. *Underlying Litigation*

On October 14, 2008, in a low-impact collision, Teresa Dille rear-ended plaintiff Stafford. Prior to the accident, Stafford had been diagnosed with a degenerative disc condition.

On October 14, 2008, the same day as the accident, Stafford went to the emergency room and was examined by Dr. Victor Lopez-Cuenca. He diagnosed Stafford with a neck sprain. In later reviewing her X-ray from 2008, Dr. Lopez-Cuenca opined that Stafford had chronic degenerative changes. Dr. Richard Gritz, the radiologist on call when Stafford went to the emergency room, observed a "possible compression fracture of T9" and "degenerative changes in the mid and lower thoracic spine."

On September 9, 2010, Stafford filed a lawsuit against Dille.

Dr. Salvatore Danna was deposed and stated that he treated Stafford in April 2011 and July 2011 for thoratic nerve pain infected by shingles. He diagnosed Stafford with shingles at "T6 level." Also in July 2011, Dr. Ian Purcell concluded that Stafford suffered from degenerative disc changes.

At trial in the underlying case, jurors considered Dr. Lopez-Cuenca's testimony that Stafford suffered from a neck injury. Dr. Purcell testified at trial that Stafford complained of pain following her car accident. He testified that the pain could have been caused by shingles or by a focal nerve root compression. He testified that he found Stafford suffered from a degenerative disc condition. Dr. Purcell testified he could not determine to a reasonable degree of medical certainty that any of his findings were caused by the motor vehicle accident. Dr. Larry Froch testified he never treated Stafford for any condition as a result of the motor vehicle accident.

## 3. *Motions for Summary Judgment*

As noted, Stafford sued Mains, Frazee and Kramer for legal malpractice. Each attorney filed a separate motion for summary judgment.

On August 22, 2014, Mains sought summary judgment on the ground that the statute of limitations barred the litigation and Stafford could not show that Mains's alleged wrongdoing caused her harm.

3

On November 5, 2014, Frazee moved for summary judgment on the ground Stafford could not show she would have recovered in the underlying lawsuit but for Frazee's conduct. She argued there was no evidence plaintiff had any admissible evidence of damages.

Also on November 5, 2014, Kramer moved for summary judgment, arguing that Stafford could not prove she would have prevailed in the underlying litigation.

### 4. *Stafford's Opposition to Summary Judgment and Requests for Continuances*

On October 6, 2014, Stafford's then-counsel Leo James Terrell sought a continuance of the summary judgment hearing. Counsel represented that there had been a breakdown in the attorney-client relationship making it impossible for counsel to continue representing Stafford. The court granted Attorney Terrell's motion to be relieved. It continued the hearing on the motions for summary judgment to January 22, 2015.

Stafford hired new counsel December 16, 2014. At the request of Stafford's new counsel, the court continued the hearing on the summary judgment motions to February 10, 2015. On January 27, 2015, Stafford's new attorney sought another continuance of the hearing on the summary judgment motions. The continuance was requested for the following reasons: "At the deposition of Defendant Frazee, she made numerous admissions of negligent conduct, and provided testimony about Defendant Kramer's negligent conduct. The deposition transcript of Kramer also contains evidence of numerous acts of negligence. Plaintiff is entitled to present Frazee's deposition, as well as Kramer's deposition testimony, as part of the opposition to the summary judgment motions."

Although Stafford's request for a continuance identified no purported admission, her separate statement in opposition to summary judgment elucidated what she believed to be the admissions, all of which concerned Attorneys Frazee and Kramer. Stafford stated that (1) Frazee admitted that she did not explain to Dr. Purcell the standard reasonable degree of medical certainty; (2) Frazee admitted that she thought the standard was "substantial factor," (3) Frazee admitted that she did not provide Drs. Purcell and Salvador Danna medical records prior to their depositions; (4) Frazee did not understand the standard of reasonable degree of medical certainty; (5) Frazee had not read the deposition transcript of Dr. Danna

4

when she argued his testimony was admissible; (6) Kramer did not confront Dr. Lopez-Cuenca with an X-ray; (7) Kramer did not accept Frazee's invitation to work together in preparation for trial; (8) Frazee and Kramer failed to call Dr. Gritz "who saw a possible fracture at T9" to testify; (9) Kramer failed to elicit testimony that Dr. Froch prescribed Lyrica for plaintiff; (10) Frazee failed to obtain the consent of medical experts prior to designating them; (11) Frazee did not know what opinions her experts would render at their depositions; (12) Frazee failed to elicit testimony from Stafford regarding her pain and suffering; (13) Kramer made improper or tactically disadvantageous jury arguments; (14) Kramer and Frazee failed to offer evidence of Stafford's medical bills; (15) Kramer "argued that Plaintiff's pre-existing condition (dis[c] disease) was aggravated, yet he failed to elicit or offer any evidence to support the argument." (In her separate statement, Stafford did not identify any evidence supporting the claim that her preexisting disc disease was aggravated.)

In her memorandum of points and authorities in opposition to summary judgment Stafford argued that Attorneys Frazee and Kramer did not understand "the basic principle that a plaintiff is entitled to damages if her preexisting degenerative dis[c] disease was aggravated by the accident. The Defendants [Frazee and Kramer] pursued the implausible theory that Plaintiff's degenerative dis[c] disease was caused by the accident." Stafford argued that Mains first proposed the "implausible" theory.

## 5. *The Trial Court Granted Summary Judgment*

At the hearing on the summary judgment motions, counsel for Stafford admitted that she presented no expert physician who would testify that the collision caused Stafford injury or aggravated an injury. Counsel also admitted that no expert opined that any of the defendant attorneys breached the standard of care.

The court granted summary judgment as to Mains based on the statute of limitations and lack of causation. As to Frazee and Kramer, the court granted summary judgment on lack of causation. This appeal followed.

## DISUCSSION

It is undisputed that to prevail in this legal malpractice case, plaintiff Stafford was required to show that her former attorneys caused her injury. Her theory of injury was that

5

the attorneys pursued the wrong theory of causation in the underlying litigation. Stafford raises two arguments on appeal: A continuance was required and the court erred in granting summary judgment for Mains. As we shall explain, both arguments lack merit.

## 1. A Continuance Was Not Warranted

Code of Civil Procedure section 437c, subdivision (h) provides: "If it appears from the affidavits submitted in opposition to a motion for summary judgment or summary adjudication or both that facts essential to justify opposition may exist but cannot, for reasons stated, then be presented, the court shall deny the motion, order a continuance to permit affidavits to be obtained or discovery to be had, or make any other order as may be just. The application to continue the motion to obtain necessary discovery may also be made by ex parte motion at any time on or before the date the opposition response to the motion is due." " ' "The purpose of the affidavit required by Code of Civil Procedure section 437c, subdivision (h) is to inform the court of outstanding discovery which is necessary to resist the summary judgment motion. [Citations.]" ' [Citation.] 'It is not sufficient under the statute merely to indicate further discovery or investigation is contemplated. The statute makes it a condition that the party moving for a continuance show "facts essential to justify opposition may exist." ' " (*Cooksey v. Alexakis* (2004) 123 Cal.App.4th 246, 254.)

Here, Stafford included no declarations or affidavits in support of her requested continuance. For that reason alone, her request for a continuance as to the motions of all three defendants was insufficient and the trial court properly denied it.

Even if we overlook this deficiency and even if we generously interpret the record to indicate that Stafford would have been able to prove the existence of all of the facts stated in her separate statement, Stafford still fails to identify any facts "essential to justify opposition may exist." (Code Civ. Proc., § 437c, subd. (h).) The "facts" she sought to present were not material because none of the evidence she sought to present would have supported her theory that her attorneys should have presented evidence that the automobile accident aggravated her preexisting condition—degenerative disc disease. None of the purported admissions by Frazee and Kramer link the vehicle collision to Stafford's preexisting condition. Simply put, the assumed "facts" in Frazee and Kramer's deposition do not assist

Stafford in raising an inference that the vehicle collision aggravated a preexisting condition. Therefore, the trial court properly denied a continuance. (*Roth v. Rhodes* (1994) 25 Cal.App.4th 530, 548 [party seeking continuance of hearing on summary judgment motion must show " 'facts essential to justify opposition may exist.' "].)

Finally, as Mains points out, the requested continuance did not implicate his motion for summary judgment and was properly denied as to him for this additional reason.

### 2. *Stafford Identifies No Error in Granting Mains's Summary Judgment*

Stafford argues that like Frazee and Kramer, Mains also was responsible for pursuing the wrong theory, i.e. that the vehicle collision caused her degenerative disc condition rather than aggravating it. She argues "[i]n opposition to Mains' motion for summary judgment, Stafford showed that Mains never pursued the case on the theory that the accident exacerbated or aggravated a pre-existing degenerative dis[c] condition . . . ." Stafford's argument lacks merit. She fails to show any error in granting summary judgment in favor of all three attorneys in the underlying litigation.

Stafford fails to identify any evidence raising the inference that her attorneys in the underlying litigation were negligent for failing to present evidence that the vehicle collision aggravated her preexisting condition. Although she cites to the depositions of her physicians in the underlying litigation, none of the depositions supported Stafford's theory that the vehicle collision aggravated a preexisting injury. In his deposition Dr. Purcell testified that he could not determine whether the accident exacerbated Stafford's injury because he did not have an image of Stafford's spinal cord prior to the accident. Purcell stated that "certainly there is a high probability that her changes that we see here may have been exacerbated by a significant whiplash trauma to the spinal cord, but I cannot say that without medical reasonable doubt." Purcell clarified that he could not opine "that there is a direct correlation with what I see here August 11, 2011 and what may have happened in 2008."

Stafford correctly points out that Dr. Gritz identified a possible "compression fracture of T9." There is no evidence Dr. Gritz opined that this fracture was caused by the vehicle collision. Nor is there any evidence linking a compression fracture to the aggravation of

degenerative disc disease.  Stafford also correctly points out that Dr. Danna testified in 2011 she suffered from shingles at theT6 level.  However, as important here, Dr. Danna testified that he could not testify to a reasonable degree of certainty that the accident caused Stafford to suffer shingles.  Nor did he testify that the shingles aggravated a preexisting degenerative disc disease.  To the extent Stafford is arguing her attorneys failed to ask Drs. Danna and Lopez-Cuenca the proper questions, she presented no evidence of what their responses would have been to additional questions.  More specifically, she presented no evidence that either doctor would have testified that the vehicle collision exacerbated her preexisting degenerative disc condition.  Thus, none of the evidence cited by Stafford supported her theory that the 2008 low impact vehicle collision aggravated her preexisting degenerative disc disease.  Simply put without presenting evidence that the collision aggravated her preexisting condition she cannot fault her attorneys for failing to adequately investigate or present that evidence.[1]  The trial court properly granted summary judgment as to all three attorneys.

## DISPOSITION

The judgment is affirmed.  Respondents are entitled to costs on appeal.



FLIER, J.

WE CONCUR:


RUBIN, Acting P. J.          GRIMES, J.

---

[1]     Because we find Stafford failed to present evidence of causation, we need not consider whether the statute of limitations vis-à-vis Mains expired before Stafford filed the current litigation.

8